BOLIN, Judge.
L. C. Taylor’s dwelling, while insured for fire and extended coverage by Pennsylvania Millers Mutual Insurance Company, had the floors damaged by water. The insured’s policy contained a loss-payable clause to Taylor’s mortgagee, Home Security Mortgage Corporation. Taylor contracted with plaintiff, Joshlin, to repair the floors and submitted to the insurance company a proof of loss reflecting the net liability of the latter as $216. Neither liability nor the amount are questioned by the insurer. By numerous pleadings, deemed irrelevant to the issues before this court, the question arose as to whether Joshlin, as the floor repairman, had a legal right to compel the insurer, over the objection of the mortgagee, to pay him the sum of $216. From judgment in favor of the mortgagee, third party petitioner, and rejecting Joshlin’s demands he appeals.
The insurance policy contained the following provision:
“Mortgage Clause: Subject to the provisions of the mortgage clause attached hereto, loss, if any on building items, shall be payable to: Home Security Mortgage Corp., Trustee for the rightful holders of note, Louisiana Bank Bldg., Shreveport, La.”
There is no contention the insurance company contracted with Joshlin in any way. On the contrary, Taylor was the only person who had any dealings with Joshlin. The judgment of the lower court reserved Josh-lin’s rights against Taylor. Since the insurer had no contractual agreement with Josh-lin, and since Taylor has not appealed, it follows the judgment appealed from is correct.
The judgment is affirmed at appellant’s cost.
Affirmed.